

FILED _____   RECEIVED
ENTERED _____   SERVED ON
          COUNSEL/PARTIES OF RECORD

SEP 1 6 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MITCHELL DZIK,

                                   Plaintiff,

         v.

RENEE BAKER, et al.,

                          Defendants.

Case No. 3:16-CV-0210-MMD (VPC)

**ORDER**

      Defendants have filed a motion to exclude this case from the inmate early mediation program because defendants prefer to file a motion to dismiss for failure to exhaust administrative remedies (ECF No. 8). Plaintiff opposed (ECF. No. 10) the motion, and he also filed a motion to compel attorney general's office to be removed from this action (ECF No. 11). In sum, both motions are denied as more fully explained in this order.

      It is common for defendants in inmate cases to file a motion to dismiss for failure to exhaust administrative remedies. Prior to the adoption of this district's Inmate Early Mediation Program, defendants frequently filed such motions. The result was that further activity in the case was stayed until the motion was decided. Oftentimes, the inmate plaintiff's complaint would be dismissed with leave to amend. During this process, many months passed, and the case had not progressed at all.

      In 2008, this court adopted the Inmate Early Mediation Program. A primary goal of the program is to mediate Section 1983 cases shortly after screening to enable the parties to meet and discuss the merits of the claim, including failure to exhaust. The idea is that if the parties can meet early in these cases, it can result in settlement without having to proceed with dispositive motion practice and discovery.

      The program provides that after the complaint is screened and proceeds on claims that are colorable, *all* activity is stayed to allow the parties to attend an early mediation. This

1    includes motions to dismiss for failure to exhaust, even when they may be well taken.  At the

2    early mediation, the parties will have the opportunity to discuss the requirement that the inmate

3    exhaust administrative remedies pursuant to Administrative Regulation 740 ("AR 740").  If the

4    inmate has indeed failed to exhaust, the inmate may stipulate to dismiss his complaint without

5    prejudice so that he can exhaust his administrative remedies under AR 740.  If the inmate does

6    so, and is dissatisfied with the result, he can re-file his complaint at that time.

7            Alternatively, at the mediation the inmate may take the view that he has, in fact,

8    exhausted his administrative remedies.  The parties can then discuss the merits of the claim and

9    its value and work together to see if the case can nevertheless be resolved.  If the case is not

10   settled, defendants can then file the motion to dismiss.  Discovery will be stayed until the court

11   issues it order on the motion.

12           The court will entertain a motion to exclude a case from mediation in very limited cases.

13   It is the court's view that the early mediation process is an extremely valuable tool for the parties

14   in Section 1983 inmate cases.  It gives the parties and counsel an opportunity to discuss the

15   merits of the claims under the facts and the law.  This is particularly important to inmates who

16   represent themselves and who are unfamiliar with federal litigation procedure and practice.

17   While the case may not settle in mediation, it is an opportunity to meet together, learn about the

18   case, and to understand what work will be necessary to complete pre-trial discovery, dispositive

19   motion practice, and potentially, prepare for trial.

20           Plaintiff's motion to compel the Attorney General's Office from representing the

21   defendants in this case (ECF No. 11) also serves as an object lesson to defendants about why the

22   early mediation program is effective.  In is common that inmates are unfamiliar with how inmate

23   litigation works, and they may file early motions that are based on a misunderstanding.  By

24   imposing the ninety-day stay, the inmate cannot file these motions, but he has the opportunity at

25   the early mediation to better understand the litigation process and how he should proceed.

26           Defendants' counsel is encouraged to circulate this order to the other deputy attorneys

27   general in the Bureau of Litigation, Public Safety Division, so that counsel can benefit from

28

1  understanding the purpose of the Inmate Early Mediation Program and the rationale for the

2  ninety-day stay.

3      Based on the foregoing, defendants' motion to exclude this case from early mediation

4  (ECF No.8) is **DENIED**, and plaintiff's motion to compel the Attorney General's Office to be

5  removed from this action (ECF No. 11) is **DENIED.**

6      **IT IS SO ORDERED.**

7      DATED:  September 15, 2016.

8

9      _____

       UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28